UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

KHURRAM MAHMOOD,

              Plaintiff,

     v.

COMMISSIONER OF SOCIAL
SECURITY,

              Defendant.

MEMORANDUM & ORDER
24-CV-04173 (NRM)

NINA R. MORRISON, United States District Judge:

Plaintiff Khurram Mahmood initiated this case under 42 U.S.C. § 405(g) to review the Social Security Administration's denial of his disability benefits. Following a Joint Motion to Remand, the agency reversed its position and issued a Notice of Award, entitling Plaintiff to past due disability benefits. Plaintiff's counsel now moves for an attorney fee authorization under 42 U.S.C. § 406(b). For the reasons that follow, the motion is granted.

## BACKGROUND

On June 7, 2024, Plaintiff retained Howard D. Olinsky, Esq., and his firm the Olinsky Law Group to represent him in his appeal of a final decision by the Social Security Administration ("SSA") denying his claims for disability benefits under Title II of the Social Security Act. On June 12, 2024, Plaintiff filed a complaint seeking judicial review of the SSA's decision. Compl., ECF No. 1.

The SSA filed the administrative transcript on August 12, 2024, Administrative Tr., ECF No. 5, and shortly after, the parties filed a joint motion to

1

reverse the SSA's determination and remand for further proceedings.  Joint Mot. to Remand, ECF No. 6.  The Court granted the motion on September 4, 2024.  Order granting Mot. to Remand dated Sep. 4, 2024.

Following this successful resolution of the proceedings in this Court, the parties jointly moved for attorney's fees for Plaintiff's counsel under the Equal Access to Justice Act ("EAJA"), stipulating to $1,171.23 in fees and $405.00 in court costs. Joint Mot. for Att'y Fees, ECF No. 9.  The Court granted the motion on December 16, 2024.  Order granting Joint Mot. for Att'y Fees dated Dec. 16, 2024.

After further proceedings on remand, the SSA issued a Notice of Award to Plaintiff on March 7, 2026.  Notice of Award, ECF No. 10-3.  The Notice of Award indicated that Plaintiff's past due benefits totaled $127,261.00 for September 2020 to January 2026, with $31,815.25 withheld for potential payment of attorney's fees pursuant to 42 U.S.C. § 406(b).  Notice of Award at 3, 6.

Plaintiff's counsel then filed the instant motion for attorney's fees.  Mot. for Att'y Fees ("Mot."), ECF No. 10.  The SSA indicated that it neither consents to nor opposes the motion.  Resp. to Mot., ECF No. 12.

## DISCUSSION

The Social Security Act provides that "[w]henever a court renders a judgment favorable to a claimant under this subchapter . . . the court may determine and allow as part of its judgment a reasonable fee . . . not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled . . . ."  42 U.S.C. § 406(b)(1)(A). Though a motion for attorney's fees under section 406(b) is filed under Plaintiff's

name, counsel is the true party in interest. *Gisbrecht v. Barnhart*, 535 U.S. 789, 798 n.6 (2002). Section 406(b) permits contingency fee arrangements, provided they represent "a reasonable fee." *Wells v. Sullivan*, 907 F.2d 367, 369 (2d Cir. 1990).

As an initial matter, an application for fees must be timely within the 14-day time limit laid down in Fed. R. Civ. P. 54(d)(2)(B). *Sinkler v. Berryhill*, 932 F.3d 83, 87–88 (2d Cir. 2019). Here, the Notice of Award is dated March 7, 2026, Notice of Award, and counsel moved for attorney fees on March 23, 2026, Mot. However, "[a] presumption applies that a notice [of award] is received 'three days after mailing.'" *Wanda R. v. Comm'r of Soc. Sec.*, No. 21-CV-6105 (EAW), 2024 WL 1326290, at *1 (W.D.N.Y. Mar. 28, 2024) (quoting *Sinkler*, 932 F.3d at 89 n.5). Counsel's application is thus timely.

Second, the Court must confirm that the fee authorization does not exceed 25 percent of the total past due benefits obtained by the claimant. Here, the $6,850.00 fee award requested by counsel is well below the 25 percent withholding indicated by the Notice of Award. Moreover, counsel affirmatively indicates he will refund the earlier-awarded EAJA fee amount to Plaintiff, further reducing his total fees. Mot. at 5. Accordingly, counsel's request comports with this facet of section 406(b).

This Court must next evaluate whether counsel's requested fee authorization is reasonable. The Second Circuit instructs "that courts should 'approach fee determinations by looking first to the contingent-fee agreement, then testing it for reasonableness.'" *Fields v. Kijakazi*, 24 F.4th 845, 853 (2d Cir. 2022) (quoting *Gisbrecht*, 535 U.S. at 808). A reasonableness determination must consider (1) "the

3

character of the representation and the results the representative achieved"; (2) whether "the attorney is responsible for delay, lest the attorney profit from the accumulation of benefits during a delay that the attorney caused"; (3) "whether there has been fraud or overreaching in making the contingency agreement"; and (4) whether "the benefits are large in comparison to the amount of time counsel spent on the case — the so-called 'windfall' factor . . . articulated in [*Wells*, 907 F.2d at 372]." *Fields*, 24 F.4th at 853 (citing *Gisbrecht*, 535 U.S. at 808) (citation modified).

While the first two factors are "straightforward," the "windfall" factor is "less clear." *Id.* "Courts must consider more than the de facto hourly rate." *Id.* at 854. In evaluating whether a fee award constitutes a windfall, courts look to (1) "the ability and expertise of the lawyers and whether they were particularly efficient"; (2) "the nature and length of the professional relationship with the claimant — including any representation at the agency level"; (3) "the satisfaction of the disabled claimant"; and (4) "how uncertain it was that the case would result in an award of benefits and the effort it took to achieve that result." *Id.* at 854–55.

Applying these factors to the instant case indicates that counsel's requested fee authorization is reasonable. First, counsel represents that his firm dedicated 7.7 hours of work to Plaintiff's case before this Court. *See* ECF Nos. 10-4, 10-5, and 10-6. Dividing counsel's requested $6,850.00 fee authorization by these expended hours indicates counsel would receive a *de facto* hourly rate of about $889.61. This rate is well within "the range of effective hourly rates [in Social Security cases] that have previously been deemed reasonable by courts in this Circuit." *Dorta v. Saul*, No. 18-

4

CV-396 (JLC), 2021 WL 776446, at *2 (S.D.N.Y. Mar. 1, 2021) (citations omitted); *see also Gentile v. Kijakazi*, No. 21-CV-641 (AMD), 2023 WL 6392905, at *2 (E.D.N.Y May 3, 2023) (collecting cases approving *de facto* hourly rates between $1,072.17 and $2,100 while finding an hourly rate of $1,750 to be reasonable); *Rubalskaya v. Comm'r of Soc. Sec.*, No. 23-CV-4625 (AMD), 2025 WL 2074177, at *2 (E.D.N.Y. July 23, 2025) (approving a *de facto* hourly rate of $979.70); *Hidalgo v. Comm'r of Soc. Sec. Admin.*, No. 20-CV-1271 (RPK), 2025 WL 1384246, at *2 (E.D.N.Y. May 13, 2025) (finding that a *de facto* hourly rate of $2,665.73 constituted a windfall where the attorney only expended 2.9 hours on the case).[1]

A review of the record yields a similar conclusion. While counsel did not file a brief before this Court, he achieved an early, non-adversarial resolution of Plaintiff's case, successfully negotiating with counsel for the Commissioner to move jointly for remand less than three weeks after the filing of the administrative transcript. On remand, Plaintiff was found disabled and awarded $127,261.00 in past due benefits. *See* Notice of Award. Throughout his representation, counsel acted expeditiously to avoid undue delay, and there is no allegation of fraud or overreach by any party. Moreover, the Agreement executed by counsel and Plaintiff appears to be standard for practitioners in this area of the law. Although counsel did not represent Plaintiff in the proceedings before the agency, he engaged in efficient negotiations with the

---

[1] Certain of these hours were logged by paralegals at counsel's law firm, not attorneys. However, as noted in the counsel's motion, if the paralegal time is billed at $100 an hour and deducted, the effective hourly attorney rate would be $2,000, which is still within the bounds of what courts have found reasonable. *See* Mot. at 4.

SSA and achieved a favorable result for his client. *See Fields*, 24 F.4th at 854–55 (noting that courts should consider "the ability and expertise of the lawyers and whether they were particularly efficient," "the nature and length of the professional relationship with the claimant," and the "satisfaction of the disabled claimant"). Further, in light of the expedited resolution of the case, the award of fees will amount to well under 25% of the combined past-due benefits award, which counsel was statutorily permitted to seek.

This Court sees no reason to reduce counsel's fee below what Plaintiff consented to at the outset of this litigation. Counsel's representation was competent and efficient and, in the end, produced the results Plaintiff sought. Fee authorizations under section 406(b) serve the important end of encouraging attorneys to accept social security cases on a contingent basis, representing claimants who may otherwise struggle to find attorneys. Counsel's requested fee authorization is reasonable, and he is entitled to the fee authorization that he and Plaintiff outlined in their Agreement.

## CONCLUSION

Plaintiff's motion for attorney's fees under 42 U.S.C. § 406(b) is GRANTED. The Commissioner is directed to release to counsel $6850.00 of the $31,815.25 withheld from Plaintiff's past due benefits. Upon receipt of that fee, counsel shall promptly refund to Plaintiff the attorney fee of $1,171.23, the amount previously awarded under the EAJA. This case will remain closed.

SO ORDERED.

6

*/s/ Nina R. Morrison*
NINA R. MORRISON
United States District Judge

Dated:      April 22, 2026
            Brooklyn, New York